PHILLIP A. TALBERT
United States Attorney
WILLIAM S. WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:98-CR-00233 WBS-AC/ 2:16-CV-01430 WBS |
|---|---|
| Plaintiff, | JOINT REQUESTS TO MODIFY/CORRECT JUDGMENT AND COMMITMENT ORDER OF DEFENDANT VANTHIENG VAN DI |
| v. | |
| VANTHIENG VAN DI, | |
| Defendant. | |

Defendant Vanthieng Van Di, through his counsel of record, Kresta Daly, Esq. and the United States of America, through its attorneys of record, Phillip A. Talbert, United States Attorney, and William S. Wong, Assistant U.S. Attorney, hereby submits the following requests/motion to modify/correct the judgment and commitment order of the defendant Vanthieng Van Di.

On or about April 24, 1998, defendant Di, as a result of the multi--district, multi-jurisdictional plea agreement made pursuant to Rule 11 (e) (1) (B) of the Federal Rules of Criminal Procedure (which included all four federal districts in California, the Northern District of Texas, the District Attorney's Office for the County of Los Angeles, and the District Attorney's Office for the County of Santa Clara, hereinafter "government"), agreed to provide substantial cooperation to the government in their investigation and prosecution of "The Company" which is an Asian crime organization headed by John That Luong, Huy Chi Luong, and Mady Chan.

As a government cooperator, defendant Di testified in both the Northern and Eastern Districts of California in approximately four jury trials of members of this Asian crime organization. In particular,

defendant Di testified in the Eastern District of California before this Court against: (1)Thy Chann, Son Van Nguyen, and Bao Lu resulting in convictions against all three defendants in 2003; and (2) John That Luong, Minh Huynh, Thongsouk Lattanaphom, and Hoang Ai Le resulting in convictions against all four defendants in 2007.  In the Northern District of California, defendant Di testified in two trials charging RICO offenses and Hobbs Act Robbery offenses of numerous defendants, including, but not limited to, John That Luong, Huy Chi Luong, and Mady Chan resulting in convictions.

Having provided substantial assistance to the government and pursuant to the plea agreement, the government recommended that defendant Di receive a sentence of 23 years imprisonment to run concurrent to all other prosecutorial jurisdictions (including the County of Los Angeles and the County of Santa Clara).

On May 16, 2011, this Court imposed a 25-year sentence which was 2 years longer than recommended by the government.  It has come to the government's attention, however, that the Judgment and Commitment Order was silent as to whether this Court's 25-year sentence run concurrent to the 23 year sentence imposed by the County of Santa Clara. The plea agreement entered into by all parties (see attached plea agreement) expressly provided that the imposed sentences on defendant Di run concurrent to each other.  Furthermore, at the sentencing hearing, it was the clear intention of the parties that defendant Di, pursuant to the plea agreement, receive a concurrent sentence.  Otherwise, a consecutive sentence would result in a sentence of approximately 46 years imprisonment and a manifest injustice as defendant Di would in essence receive a life sentence.

Apparently, at the sentencing hearing, the government and counsel for defendant Di failed to request that the Judgment and Commitment Order reflect that this Court's sentence run concurrent to the 23 year sentence that the defendant received from the County of Santa Clara and failed to notice after entry of the judgment that the Judgment and Commitment Order was silent as to whether his federal sentence ran concurrent, and therefore, by operation of law, the Bureau of Prisons was required to calculate defendant Di's release date as though he was sentenced consecutively.

A review of the sentencing transcript clearly indicates the intention of the parties, as well as the court, that the sentence imposed on defendant Di be served concurrently to the sentence imposed by the County of Santa Clara. Therefore, to avoid manifest injustice to defendant Di, the parties respectfully

requests that the Judgment and Commitment Order be modified/corrected to accurately reflect the intended concurrent sentence. The government has conferred with BOP officials and have been advised that the best way to accomplish the intended sentence is to have defendant Di receive credit for time served beginning February 12, 1996, which was the date defendant Di was arrested for the Stockton Hobbs Act Robbery offenses to which he pled guilty.  By doing this, defendant Di will effectively serve a 25-year sentence that this Court intended.  Accordingly, the parties respectfully requests that this Court issue a new Judgment and Commitment Order reflecting credit for time served beginning February 12, 1996.  Lastly, the parties are prepared to appear before the court should the court deemed necessary to discuss this request.

Dated: January 23, 2017

PHILLIP A. TALBERT
United States Attorney

/s/ *WILLIAM S. WONG*
WILLIAM S. WONG
Assistant United States Attorney

Dated: January 23, 2017

/s/ *KRESTA  NORA DALY*
KRESTA  NORA DALY
Attorney for Vanthieng Van Di

ORDER

Having considered the joint request of the Government and defendant Di's request/motion to modify/correct the Judgment and Commitment Order issued by this Court on or about May 16, 2011, and having finding good cause and in the interest of justice, the Judgment and Commitment Order for defendant Vanthieng Van Di shall be corrected to reflect that the defendant Di receive credit for time served beginning February 12, 1996.

Dated: January 24, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE